UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-07456-CAS(Ex) | Date | November 4, 2015 |
|---|---|---|---|
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS (Dkt. 8, filed September 30, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of November 9, 2015, is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION & BACKGROUND**

On June 25, 2015, pro se plaintiff Ha-rakhamon F. Azizi ("plaintiff") filed the instant action in the Los Angeles County Superior Court against defendants "The U.S. of American Government of belonging to Almighty Etc., Dept. of Education, Dept. of Justice, President of the time, The Senators of CA., The L.A. County Representative, Yahouda Azizi, Bahram and Jilla Azizi, Bahman J. and Gita Azizi, Farshad and Roya Azizi, The individual who was stopped on road for investigation and the father of his, as the father of his was trying to murder me within one month earlier, The dentist who was the doctor between years 2003-2005 for his conducts of years 2005 and 2011 or any other time, any other involved individual for indecency or illegal conducts such as murder."  Dkt. 1, Ex. 1 (Complaint) (errors in original).  The Complaint is captioned, "Illegalities of all types as blasphemies and monetary and property regaining," id., and is largely incomprehensible.

On September 23, 2015, defendants United States of America, sued as "the U.S. of American Government belonging to the Almighty Etc.," United States President Barack Obama, sued as "President of the time," the United States Department of Education, the United States Department of Justice, and California Senators Barbara Boxer and Diane

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07456-CAS(Ex) | Date | November 4, 2015 |
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

Feinstein (collectively, "Federal Defendants") removed this action to federal court pursuant to 42 U.S.C. § 1442(a)(1).  Dkt. 1.

On September 30, 2015, the Federal Defendants filed the instant motion to dismiss, pursuant to Federal Rules of Civil Procedure 8(a),12(b)(1), 12(b)(6), 12(e), and 12(f), on the grounds that plaintiff's complaint fails to establish that the Court has subject matter jurisdiction and fails to state a claim upon which relief can be granted.  Dkt. 8.  On October 13, 2015, plaintiff filed an opposition to the instant motion.  Dkt. 10.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    DISCUSSION

### A.    Lack of Subject Matter Jurisdiction

In the instant motion, the Federal Defendants state that plaintiff's action is his "fourth known case in which he sues the United States of America, the Department of Justice, the Department of Education and/or California's United States Senators for undecipherable claims."  Motion at 1 (citing case numbers 2:09-cv-06677-CAS-CT; 2:10-cv-02108-CAS-E; and 2:12-cv-07861-CAS-E).  As the Federal Defendants note, all three of plaintiff's previous complaints were similarly incomprehensible and were accordingly dismissed with prejudice by the undersigned.  See 2:09-cv-06677-CAS-CT, Dkt. 7 ("The court has reviewed the complaint and concludes its claims are wholly frivolous and cannot be amended to state a federal claim.  Therefore, the court lacks subject matter jurisdiction."), aff'd CA 09-56634 (9th Cir. Jan 21, 2010) (unpub. order) ("A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument . . . Accordingly, we affirm the district court's judgment"); 2:10-cv-02108-CAS-E, Dkt. 4 ("The manifest insubstantiality of the present Complaint deprives this Court of subject matter jurisdiction.  This jurisdictional defect could not be cured by amendment."); 2:12-cv-07861-CAS-E, Dkt. 23 (dismissing plaintiff's "largely incomprehensible and rambling" complaint for lack of subject matter jurisdiction).

"A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction, Hagans v. Lavine, 415 U.S. 528, 536-37 (1974), and may be dismissed sua sponte . . . ."  Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir.1984);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-07456-CAS(Ex) | Date | November 4, 2015 |
|---|---|---|---|
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

see also Neitzke v. Williams, 490 U.S. 319, 327 n. 6 (1989) ("A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); Hagans, 415 U.S. at 536-37 ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'") (citations omitted)); Bell v. Hood, 327 U.S. 678, 682-83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."); Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342-43 (9th Cir.1981). Dismissal for lack of subject matter jurisdiction may occur sua sponte, Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir. 1983), and is proper when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (citations and internal quotations omitted).

In the instant case, as with plaintiff's numerous previous actions, see *supra*, the Court concludes that it lacks subject matter jurisdiction. Among other things, plaintiff's complaint—which primarily consists of a single seven-page long paragraph—vaguely alleges various "charges" and "crime(s)" including "murders, adulterous acts of all types as worshipping, unfaithfulness to Almighty and/or spouses as accordingly, stealing(s), bearing of false witnessing, coveting(s), hostage taking(s) and any illicit conduct of blasphemy." Compl. at 1-2 (errors in original). According to plaintiff, "[t]he U.S. governmental staffs of belonging to Almighty are being sued due to wrongful conducts done by their employees as police officers, sheriffs, judge and various parts of above government as IRS and Social Security, including the abusive use and conducts of the family of mine, so as not to have chaos and further indecency in near future by help of Almighty." Id. at 2 (errors in original). The complaint also includes vague references to certain "barbaric acts," "hostage takings," "bullying," "obstruction of justice," and the "destroying of healthy teeth" by unknown persons. See id. In addition, the complaint includes references to potential grievances, all associated with certain properties in Los Angeles, against defendants Bahram, Jilla, Farshad, and Roya Azizi. See Compl. at 6-7. However, plaintiff's statements with respect to these properties are also either too vague or incomprehensible to discern. See, e.g., Compl. at 5 (asserting that certain rents "[have]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07456-CAS(Ex) | Date | November 4, 2015 |
|---|---|---|---|
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

not been paid to me from the brother and the father ever since 2004," certain properties "shall be titled under my name again," and "certain legal documents should have been given to me also"). In any event, any allegations as to the non-Federal Defendants—to the extent to which these allegations can be discerned—are not being adjudicated on the merits. Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1343 (9th Cir.1981) ("A dismissal for failure to state a claim requires a judgment on the merits and cannot be decided before the court has assumed jurisdiction."). Accordingly, because the Court's "dismissal for lack of jurisdiction . . . does not operate as a judgment on the merits," it still "allows [the] plaintiff [here] the opportunity to seek relief in the state courts" with respect to any potential claims against the non-Federal Defendants. Id.

### B. Failure to Comply with Federal Rule of Civil Procedure 8(a)

Under Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

"In the exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss under Rule 12(b)(6)) as a vehicle for considering whether any possible claim for relief [under Rule 8(a)] exists." Wright & Miller, 5 Federal Practice & Procedure § 1217, at 256-58 (3d ed. 2004). In McHenry, the Ninth Circuit explained the problems posed by complaints that fail to meet the standard of Rule 8(a):

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07456-CAS(Ex) | Date | November 4, 2015 |
|---|---|---|---|
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

> something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different than what they reasonably expected. The rights of the defendants to be free from costly and harassing litigation must be considered.
>
>                                                \*\*\*
>
> The judge wastes half a day in chambers preparing the short and plain statement which Rule 8 obligated plaintiffs to submit. He must then manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

84 F.3d at 1777, 1179-80 (internal quotation marks and citations omitted).

      Although the Court must construe a pro se plaintiff's pleadings liberally, McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991), plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See Brazil v. United States Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995). Ultimately, plaintiff's complaint fails clearly and concisely to provide defendants with sufficient notice of what plaintiff's specific claims are, what legal theories plaintiff relies upon, and what relief plaintiff seeks as to each claim. Furthermore, the Court notes that even if some of plaintiff's claims had been adequately plead, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179 (citing Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981)).

### III.   CONCLUSION

      In accordance with the foregoing, the Court concludes that it lacks subject matter jurisdiction to adjudicate the instant action and that plaintiff's complaint must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:15-cv-07456-CAS(Ex) | Date | November 4, 2015 |
|---|---|---|---|
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

accordingly be **DISMISSED** without prejudice.  Plaintiff shall have until **Monday, December 7, 2015** to file a first amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |