UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS - 6   **'O'**

| Case No. | CV15-7456-CAS(Ex) | Date | December 23, 2015 |
|---|---|---|---|
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS (Dkt. 21, filed December 3, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

## I.    INTRODUCTION & BACKGROUND

On June 25, 2015, pro se plaintiff Ha-rakhamon F. Azizi ("plaintiff") filed the instant action in the Los Angeles County Superior Court against defendants "The U.S. of American Government of belonging to Almighty Etc., Dept. of Education, Dept. of Justice, President of the time, The Senators of CA., The L.A. County Representative, Yahouda Azizi, Bahram and Jilla Azizi, Bahman J. and Gita Azizi, Farshad and Roya Azizi, The individual who was stopped on road for investigation and the father of his, as the father of his was trying to murder me within one month earlier, The dentist who was the doctor between years 2003-2005 for his conducts of years 2005 and 2011 or any other time, any other involved individual for indecency or illegal conducts such as murder." Dkt. 1, Ex. 1 (Compl.) (errors in original). The original complaint was captioned, "Illegalities of all types as blasphemies and monetary and property regaining," id., and was largely incomprehensible.

On September 23, 2015, defendants United States of America, sued as "the U.S. of American Government belonging to the Almighty Etc.," United States President Barack Obama, sued as "President of the time," the United States Department of Education, the United States Department of Justice, and California Senators Barbara Boxer and Diane

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6   'O' |
|---|---|---|---|
| Case No. | CV15-7456-CAS(Ex) | Date | December 23, 2015 |
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

Feinstein (collectively, the "Federal Defendants") removed this action to federal court pursuant to 42 U.S.C. § 1442(a)(1). Dkt. 1. On November 4, 2015, the Court granted the Federal Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 12. In dismissing plaintiff's complaint without prejudice, the Court explained that the complaint—which primarily consisted of a single seven-page long paragraph—failed to confer subject matter jurisdiction, as it vaguely alleged various "charges" and "crime(s)" including "murders, adulterous acts of all types as worshipping, unfaithfulness to Almighty and/or spouses as accordingly, stealing(s), bearing of false witnessing, coveting(s), hostage taking(s) and any illicit conduct of blasphemy." Id. at 3 (citing Compl. at 1-2) (errors in original).

On November 23, 2015, plaintiff filed the operative First Amended Complaint ("FAC"), styled as the "Amended Facts to the Petition." Dkt. 19. On December 3, 2015, the Federal Defendants filed the instant motion to dismiss plaintiff's FAC. Dkt. 21. On December 15, 2015, plaintiff filed an opposition to the Federal Defendants' motion. Dkt. 23. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

### A. Lack of Subject Matter Jurisdiction

In their previous motion to dismiss, the Federal Defendants stated that plaintiff's action is his "fourth known case in which he sues the United States of America, the Department of Justice, the Department of Education and/or California's United States Senators for undecipherable claims." Dkt. 8 at 1 (citing case numbers 2:09-cv-06677-CAS-CT; 2:10-cv-02108-CAS-E; and 2:12-cv-07861-CAS-E). As the Federal Defendants noted, all three of plaintiff's previous complaints were similarly incomprehensible and were accordingly dismissed with prejudice by the undersigned. See 2:09-cv-06677-CAS-CT, Dkt. 7 ("The court has reviewed the complaint and concludes its claims are wholly frivolous and cannot be amended to state a federal claim. Therefore, the court lacks subject matter jurisdiction."), aff'd CA 09-56634 (9th Cir. Jan 21, 2010) (unpub. order) ("A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6    'O' |
|---|---|---|---|
| Case No. | CV15-7456-CAS(Ex) | Date | December 23, 2015 |
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

Accordingly, we affirm the district court's judgment"); 2:10-cv-02108-CAS-E, Dkt. 4 ("The manifest insubstantiality of the present Complaint deprives this Court of subject matter jurisdiction. This jurisdictional defect could not be cured by amendment."); 2:12-cv-07861-CAS-E, Dkt. 23 (dismissing plaintiff's "largely incomprehensible and rambling" complaint for lack of subject matter jurisdiction).

"A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction, Hagans v. Lavine, 415 U.S. 528, 536-37 (1974), and may be dismissed sua sponte . . . ." Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir.1984); see also Neitzke v. Williams, 490 U.S. 319, 327 n. 6 (1989) ("A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); Hagans, 415 U.S. at 536-37 ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.'") (citations omitted)); Bell v. Hood, 327 U.S. 678, 682-83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."); Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342-43 (9th Cir.1981). Dismissal for lack of subject matter jurisdiction may occur sua sponte, Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir. 1983), and is proper when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (citations and internal quotations omitted).

Plaintiff's largely indecipherable FAC suffers from the same infirmities as his original pleadings and therefore must again be dismissed for lack of subject matter jurisdiction. Specifically, plaintiff's FAC first vaguely alleges that plaintiff may be entitled to certain "low amounts of rents" on various properties whose rent was collected by his family members, some of whom are also named as defendants in this action. See FAC at 1. Plaintiff then alludes to certain acts, including "false witnessing" and "the worst types of blasphemy toward Almighty," as well as certain "tangible and intangible materials that need to be back" in his possession. Id. at 2-3. Plaintiff concludes the first portion of the FAC with vague references to (1) numerous biblical texts and historical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6   'O' |
|---|---|---|---|
| Case No. | CV15-7456-CAS(Ex) | Date | December 23, 2015 |
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

figures, (2) unknown "sanctions against the American government," and (3) various "blasphemies" regarding the Ten Commandments.  Id. at 3-4.  A latter portion of the FAC, which follows a series of seemingly random and unrelated exhibits, alleges that one of plaintiff's prior cases was mishandled in 2005 "with all the shortcomings in [the] judicial system involving illegalities such as the evidences of tax returns and the different records of social security files and lack of my records due to your blasphemous conduct."  Id. at 17 (errors in original).  Thus, as with plaintiff's original complaint, plaintiff's FAC is "patently insubstantial" and accordingly must be dismissed "for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."[1]  Neitzke, 490 U.S. at 327 n. 6.

---

[1] An additional, independent ground for dismissal is plaintiff's repeated failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)").  Under Rule 8(a), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity."  See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).  The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  Although the Court must construe a pro se plaintiff's pleadings liberally, McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991), plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  See Brazil v. United States Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).  Ultimately, plaintiff's complaint fails clearly and concisely to provide defendants with sufficient notice of what plaintiff's specific claims are, what legal theories plaintiff relies upon, and what relief plaintiff seeks as to each claim.  Furthermore, the Court notes that even if some of plaintiff's claims had been adequately plead, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."  McHenry, 84 F.3d at 1179 (citing Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6   'O' |
|---|---|---|---|
| Case No. | CV15-7456-CAS(Ex) | Date | December 23, 2015 |
| Title | HA-RAKHAMON F. AZIZI V. UNITED STATES OF AMERICA, ET AL. | | |

### III. CONCLUSION

In accordance with the foregoing, the Court concludes that it lacks subject matter jurisdiction to adjudicate the instant action and that plaintiff's FAC cannot be amended to state a federal claim. Accordingly, plaintiff's action is hereby **DISMISSED**, in its entirety, **WITH PREJUDICE**. Accordingly, the hearing date of January 4, 2016 at 10:00 AM is hereby **VACATED.** No appearances are necessary on January 4, 2016.

The Motion to Dismiss Case as Frivolous to Declare Plaintiff a Vexatious Litigant [22] is **DENIED AS MOOT.** The hearing date of January 11, 2016 at 10:00 AM is hereby **VACATED.** No appearances are necessary on January 11, 2016.

All other dates in this action are hereby **VACATED.**

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |